ALEXANDER HUNTER, &c. v. GEO. W. HUNTER, &c.

**Judgment—Suit to Review—Petition—Demurrer.**

     The petition was clearly defective, as it failed to allege the discovery, of any of the facts set forth as a cause for reviewing the judgment already rendered, after its rendition, nor attempts to account in any way for failure to except to the commissioner's report in the original suit.

APPEAL FROM NELSON CIRCUIT COURT.

December 20, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The petition in this case is for the purpose of vacating a judgment rendered between the same parties and involving the same matters and rendered by the Nelson circuit court in the year 1870.

The petition in which the original judgment was entered, was filed by some of the heirs of William Hunter, deceased, against their co-heirs and Alexander Hunter, his Administrator, in which they seek to make the Administrator liable for assets that he had failed to report, and for a full and final settlement of the estate and a distribution thereof between the heirs—all of whom are before the court.

A judgment was rendered by which the rights of all the parties was determined. The suit was filed in August, 1865, was referred to the commissioner for settlement in the same year and no final judgment rendered until the year 1870.

The present petition for the purpose of reviewing this judgment alleges the same facts set forth in the original petition, and also alleges that there was a combination between one of the heirs, Craycraft and wife, and the administrator, by which the

other heirs were deprived of their real interest in the estate. The appellant filed a demurrer to their petition and the same was overruled; the administrator then filed an answer, controverting all the allegations of the petition. The cause was submitted upon the petition and answer, and a judgment rendered vacating the original judgment between the parties.

The petition was clearly defective, as it failed to allege the discovery of any of the facts set forth as a cause for reviewing the judgment already rendered, after its rendition, nor attempt to account in any way for their failure to except to the commissioner's report in the original suit, except that they regarded it as a friendly suit, and gave it no attention on that account. They show an entire absence of diligence on their part in the protection of their rights in the former suit, and in the present action, conceding the petition to be a good one, they submit the case for hearing upon the petition and answer, the latter controverting all the allegations of the petition, and the only proper judgment that could have been entered would have been, dismissing their petition.

It was not necessary for the administrator to have had process served on his answer in which he set up payments, and demands against the heirs. In a petition by a distributee and administrator or by legatees for the settlement of an estate, the parties interested have the right to require a judgment settling and disposing of the entire fund, their interest being derived from the same source, and all interested in a common fund. 1st B. Monroe, 230. In this case, the claims the administrator filed against the heirs, whether as payments by him as administrator, or an indebtedness by them, to him, were presented to the commissioner; if improperly allowed the remedy was by filing exceptions to the commissioner's report.

If the administrator had filed no answer at all, in a settlement upon an order of reference of his accounts, he had the right to present his claims against the heirs who were entitled to the fund, and if improperly allowed the remedy is not by a petition for a new trial, but by exceptions to the report of the commissioner.

No sort of diligence has been shown by the appellees, and no reason given in the petition for distributing the original judgment.

The judgment of the court below is reversed with directions to dismiss appellees' petition.

*Johnson,* for appellants.
*Muir & Wickliffe,* for appellees.